IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSE BUSTAMANTE<br>    PLAINTIFF,<br><br>v.<br><br>WAL-MART STORES, INC.,<br>WAL-MART STORES TEXAS, LLC<br>D/B/A WAL-MART STORES TEXAS<br>2007, LLC AND WAL-MART<br>SUPERCENTER #1055<br>    DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br><br>_____ |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Wal-Mart Stores Texas, LLC ("Wal-Mart" and/or "Defendant") files this Notice of Removal pursuant to 28 U.S. C. §§ 1441 and 1332.

### I. INTRODUCTION

1. Pursuant to 28 U.S.C. § 1441, et seq., this civil action is removed from the 193rd Judicial District Court, Dallas County, Texas, where this matter was pending under Cause No. DC-18-18988, in a matter styled *Rose Bustamante v. Wal-Mart Stores, Inc., Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Stores Texas 2007, LLC and Wal-Mart Supercenter #1055* (the "State Court Action").

### II.  NATURE OF THE SUIT

2. This is a premises liability lawsuit alleging personal injury resulting from claims that Defendant failed to maintain safe Premises. Plaintiff's Original Petition, p. 3-5.

3. Plaintiff alleges that on or about December 31, 2016, she slipped and fell in a puddle of liquid on the floor. *Id. at p. 3.*

### III. TIMELINESS OF REMOVAL

4. Plaintiff commenced this lawsuit by filing their Original Petition on December 20, 2018. Defendant Wal-Mart accepted service on December 31, 2018 through its agent, CT Corporation. This removal is timely because it is filed within than 30 days after Wal-Mart was served. 28 U.S.C. § 1446.

### IV. BASIS FOR REMOVAL JURISDICTION

5. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Plaintiff's domicile is in Garland, Dallas County, Texas. *See* Plaintiff's Original Petition, p. 2. Accordingly, for diversity purposes, Plaintiff is a citizen of Texas. To date, Plaintiff has not identified, served, or joined a Defendant in this case that can defeat diversity jurisdiction.

7. Plaintiff sued Wal-Mart Stores Texas, LLC. Wal-Mart Stores Texas, LLC is now and at the time of the filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Wal-Mart Real Estate Business Trust is the sole owner of Wal-Mart Stores Texas LLC. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of Delaware with its principal place of business in Arkansas. Wal-Mart Property Co. is the sole owner of Wal-Mart Real Estate Business Trust. Wal-Mart Property Co. is a Delaware corporation with its

principal place of business in Arkansas. Wal-Mart Stores East, LP is the sole owner of Wal-Mart Property Co. Wal-Mart Stores East, LP is a Delaware Limited Partnership with its principal place of business in Arkansas. WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are both Delaware Limited Liability Companies with their principal place of business in Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is a limited liability company organized under the laws of the State of Arkansas with its principal place of business in Arkansas. Wal-Mart Stores, Inc. is the sole owner of Wal-Mart Stores East, LLC. Wal-Mart Stores, Inc. is a Delaware Corporation with its principal place of business in Arkansas. The Fifth Circuit has also previously recognized Wal-Mart Stores Inc. is a citizen of Delaware with its principal place of business in Arkansas. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000). Accordingly, for diversity purposes, Wal-Mart is a citizen of Delaware or Arkansas.

8. There is and has been at all times relevant to this Notice of Removal, complete diversity of citizenship between Plaintiff and Defendant.

9. Plaintiff seeks damages of disfigurement, physical impairment, mental anguish, pain and suffering, medical expenses, loss of earning and loss of wage earning capacity. *See* Plaintiff's Original Petition p. 4-5.

10. Plaintiff's pleadings specifically seek a monetary relief of $200,000 but not more than $1,000,000.00. *See* Plaintiff's Original Petition, p. 1. Thus, based on all information currently known by or available to Defendant, plaintiff's pleadings admit that the amount in controversy exceeds the jurisdictional minimum for removal to this Court.

## V.  THIS NOTICE IS PROCEDURALLY CORRECT

11. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b), because Defendant is not a citizen of Texas, the state in which the action was brought. This action is removable to this Court and venue is proper because this United States District Court and Division embraces the place where the State Court Action was pending. 28 U.S.C. §§ 124(a)(1), 1441(a).

12. Wal-Mart has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) and Local Rule 81.1 as follows:

   A. Index of all documents filed in the State Court Action.
   B. Docket Sheet in the State Court Action.
   C. Copies of all process, pleadings and orders filed in State Court.

13. Wal-Mart also is filing with the Notice of Removal a completed Civil Cover Sheet, Supplemental Civil Cover Sheet, and Certificate of Interested Persons.

14. Defendant retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenges the allegations in a motion to remand or other filing.

15. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 193rd Judicial District Court, Dallas County, Texas, where this matter was pending under Cause No. DC-18-18988, in a matter styled *Rose Bustamante v. Wal-Mart Stores, Inc., Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Stores Texas 2007, LLC and Wal-Mart Supercenter #1055*.

16. A jury trial has been demanded in the State Court Action by Defendant.

17. Trial has not commenced in the 193rd Judicial District Court, Dallas County, Texas.

## VI. CONCLUSION

18. Since diversity jurisdiction exists over Plaintiff's claim as set forth in Plaintiff's Original Petition, Defendant desires and is entitled to remove the lawsuit filed in the 193rd Judicial District Court, Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division.

WHEREFORE, PREMISES CONSIDERED, Defendant Wal-Mart Stores Texas, LLC files this Notice of Removal pursuant to and in conformance with the statutory requirements, removes this action from the 193rd Judicial District Court, Dallas County, Texas.

FURTHER, Defendant prays that Plaintiff take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

By: */s/ Derek S. Davis*
**DEREK S. DAVIS**
Texas Bar No. 00793591
Email: Derek.Davis@CooperScully.com
**S. HUNTER WALTON**
Texas Bar No. 24102700
Email: Hunter.Walton@cooperscully.com

**COOPER & SCULLY, P.C.**
900 Jackson, Suite 100
Dallas, Texas 75202
(214) 712-9500
(214) 712-9540 (fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of January, 2019, a true and correct copy this document was served on counsel of record via Eservice as follows:

Joel M. Vecchio
Abraham C. Bloomenstiel
LAW OFFICE OF JOEL M. VECCHIO
P.O. Box 860826
Plano, Texas 75086
joel@vecchio-law.com

          */s/ Derek S. Davis*
          **DEREK S. DAVIS**